UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY HARTNETT and PATRICIA HARTNETT,<br><br>        Plaintiffs,<br><br>v.<br><br>CENTERPULSE ORTHOPEDICS, INC., f/k/a SULZER ORTHOPEDICS, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 03-12303-WGY |

## MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendant, Centerpulse Orthopedics Inc., as successor in interest to Sulzer Orthopedics Inc., (hereinafter "Centerpulse") hereby files this Motion for an Extension of Time to Answer or Otherwise Plead in the above captioned case. As grounds for this motion, Defendant states as follows:

1.     On or about August 29, 2003, Plaintiffs Timothy Hartnett (hereinafter "Mr. Hartnett") and Patricia Hartnett (hereinafter "Ms. Hartnett") (collectively "Plaintiffs") filed a complaint (hereinafter "Complaint") in this action in the Superior Court Department of Norfolk County, Massachusetts. A true copy of the Complaint is attached hereto as Exhibit 1.

2.     On or about November 18, 2003, Defendant removed the above-captioned matter to U.S. District Court of the Massachusetts. A true copy of Defendant's Notice of Removal is attached hereto as Exhibit 2.

3.     On or about November 21, 2003, Centerpulse filed a notice with the Clerk of the Judicial Panel on Multidistrict Litigation, *In Re: Inter-op Hip Prosthesis Product Liability Litigation*, United States District Court for the District of Northern Ohio, MDL Docket No. 1401

(O'Malley, J.) (hereinafter "MDL"), informing the Clerk that the above-captioned action is a potential "tag along action." A true copy of the Notice of Potential Tag Along Action is attached hereto as Exhibit 3.

4.      Centerpulse anticipates that the Clerk of the MDL will enter a conditional transfer order pursuant to Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, whereupon Plaintiff will have fifteen (15) days to object to the transfer of this matter to the MDL.

5.      Attempts to reach an agreement with Plaintiff's counsel for an extension of time to answer or otherwise plead have been unsuccessful.

6.      The allowance of Centerpulse's Motion will impose no prejudice upon the Plaintiff.

7.      Accordingly, Centerpulse respectfully requests that this Court grant its Motion For an Extension of Time to Answer or Otherwise Plead until ten (10) days from such time as a determination is made as to whether this matter will be transferred to the MDL or will remain before this Court.

WHEREFORE, Centerpulse respectfully requests that this Court:

a.  Grant Centerpulse's Motion for an Extension of Time to Answer or Otherwise Plead as set forth herein; and

b.  Grant such further relief as this Court deems just and appropriate.

**CENTERPULSE ORTHOPEDICS INC., a successor in interest to, SULZER ORTHOPEDICS INC.,**

By their attorneys,

*[signature]*

Joseph J. Leghorn, BBO No. 292440
A. Damien Puller, BBO No. 633746
J. Christopher Allen, Jr. BBO No. 648381
Jennifer A. Champlin, BBO No. 654726
**NIXON PEABODY LLP**
101 Federal Street
Boston, MA  02110
(617) 345-1000

Dated:  November 25, 2003

## CERTIFICATE OF SERVICE

I, Jennifer A. Champlin, do hereby certify that a true copy of the above document was served by first-class mail upon Charlotte Glinka, Esq., 122 Dean Street, Taunton, MA, 02780, on this 25th day of November 2003.

*[signature]*

Jennifer A. Champlin

-3-

**EXHIBIT 1**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

TIMOTHY HARTNETT and )
PATRICIA HARTNETT, )
      Plaintiffs )
  )
vs. )
  )
CENTERPULSE ORTHOPEDICS, INC. )
f/k/a SULZER ORTHOPEDICS, INC. )
      Defendant )

## COMPLAINT AND JURY CLAIM

## PARTIES

1. The plaintiff Timothy Hartnett is a resident of 26 St. Margaret Street, East Weymouth, Norfolk County, Commonwealth of Massachusetts.

2. The plaintiff Patricia Hartnett is the wife of the plaintiff, Timothy Hartnett, and is a resident of 26 St. Margaret Street, East Weymouth, Norfolk County, Commonwealth of Massachusetts.

3. The defendant, Centerpulse Orthopedics, Inc., formerly known as Sulzer Orthopedics, Inc., is a corporation duly organized and incorporated under the laws of the State of Delaware with a principal place of business at 9900 Spectrum Drive, Austin, Texas.

4. The registered agent for Centerpulse Orthopedics, Inc. is CT Corporation, 101 Federal Street, Boston, Massachusetts.

## FACTS

5. At all material times, the defendant designed, manufactured, distributed and/or sold prosthetic hip implant devices for purposes of their use in consumers, including consumers in the Commonwealth of Massachusetts.

6. On or about August 31, 2000, the plaintiff, Timothy Hartnett, underwent surgery for the implant of a hip prosthesis manufactured and/or sold by the defendant.

7. Following the placement of the hip implant device, the plaintiff experienced severe pain, limitation of motion, loss of function, difficulty with ambulation, and other symptoms associated with the hip implant device.

8. On or about December 8, 2000, the defendant announced the recall of certain of its hip implant devices, including the hip implant device which had been implanted in the plaintiff. The defendant discovered that an error in the manufacturing process caused certain of the devices to be defective, thereby producing symptoms such as severe pain and loss of function in the affected extremity.

9. On March 22, 2001, the plaintiff was required to undergo a second surgical procedure whereby the hip implant device was removed and another hip prosthesis was implanted.

10. At all material times, the plaintiff was in the exercise of due care and free from all comparative negligence.

11. The plaintiff provided notification to the defendant of the potential claims herein by way of a letter dated May 14, 2001.

## PLAINTIFF TIMOTHY HARTNETT'S CLAIMS AGAINST THE DEFENDANT CENTERPULSE ORTHOPEDICS, INC.

### COUNT I - NEGLIGENCE

12. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

14. The defendant was negligent in the design, manufacture, distribution and/or sale of the hip implant prosthesis device ("the device").

13. The defendant was negligent in placing the device into the stream of commerce when it knew or reasonably should have known that the device was dangerous and defective.

14. The defendant was negligent in failing to adequately warn and/or instruct consumers of the device, including the plaintiff, of the dangerous and defective design of the device.

15. As a direct and proximate result of the defendant's negligence, the plaintiff Timothy Hartnett suffered severe personal injuries.

WHEREFORE, the plaintiff demands judgment against the defendant for his damages, including but not limited to physical and mental pain and suffering, hospital and medical expenses, lost earnings and lost earning capacity, as well as other damages, plus interest, costs and attorneys' fees.

### COUNT II - BREACH OF THE EXPRESS OR IMPLIED WARRANTY OF MERCHANTABILITY

16. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

17. The defendant expressly and/or impliedly warranted to its customers and foreseeable users of the device, including the plaintiff, that the device was safe, merchantable, and fit for its intended use and purpose. The plaintiff relied upon such warranties.

18. The defendant breached its warranties because the device was unsafe, not of merchantable quality and unfit for its intended use and purpose.

19. As a direct and proximate result of the defendant's breach of warranty, the plaintiff suffered severe personal injuries.

20. The plaintiff's notice letter, attached hereto, identifies the claimant, reasonably describes the claim, and was sent within a reasonable time after discovery of the defect.

- 2 -

WHEREFORE, the plaintiff demands judgment against the defendant for his damages, including but not limited to physical and mental pain and suffering, hospital and medical expenses, lost earnings and lost earning capacity, as well as other damages, plus interest, costs and attorneys' fees.

## PLAINTIFF PATRICIA HARTNETT'S CLAIMS AGAINST THE DEFENDANT CENTERPULSE ORTHOPEDICS, INC.

### COUNT III - LOSS OF CONSORTIUM

21.    The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

22.    As a direct and proximate result of the defendant's negligence and breach of warranties the plaintiff has suffered the loss of the society, companionship and consortium of her husband

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

### JURY CLAIM

The plaintiffs request a jury trial on all claims as set forth herein.

Respectfully Submitted,
By their Attorneys,

KECHES & MALLEN, P.C.

Charlotte E. Glinka

CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Complaint

- 3 -

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY HARTNETT and PATRICIA
HARTNETT,

        Plaintiffs,

                        CIVIL ACTION NO.

v.

CENTERPULSE ORTHOPEDICS, INC., f/k/a
SULZER ORTHOPEDICS, INC.,

        Defendant.

03   1 2 3 0 3 WGY

MAGISTRATE JUDGE _Alexander_

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Centerpulse Orthopedics Inc., as successor in interest to Sulzer Orthopedics Inc., (hereinafter "Centerpulse") hereby files this Notice of Removal of the above captioned case from the Superior Court Department, Norfolk County, where it is denominated as Civil Action No. 03-01617, to the United States District Court for the District of Massachusetts. As grounds for this removal, Defendants state as follows:

1.     On or about August 29, 2003, plaintiffs Timothy Hartnett (hereinafter "Mr. Hartnett") and Patricia Hartnett (hereinafter "Ms. Hartnett") (collectively "Plaintiffs") filed a complaint in this action in the Superior Court Department of Norfolk County, Massachusetts (hereinafter "Complaint"). A true copy of the Complaint is attached hereto as Exhibit 1.

2.     A summons and a copy of the Complaint was served upon defendant Centerpulse's registered agent in Massachusetts on or about November 12, 2003. A true copy of the summons is attached hereto as Exhibit 2.

3.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

B1328068.1

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and defendant Centerpulse and because the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Removal of this action is, therefore, proper pursuant to 28 U.S.C. § 1441.

5.      The Complaint names Centerpulse as the sole defendant. See Complaint at ¶ 3.

6.      Centerpulse is, and at the commencement of this action was, a Delaware corporation with a principal place of business located at 9900 Spectrum Drive, Austin, Texas.

7.      Plaintiffs allege that both Mr. Hartnett and Ms. Hartnett are residents of 26 St. Margaret Street, East Weymouth, Norfolk County, Massachusetts. See Complaint ¶ 1.

8.      Accordingly, there is complete diversity of citizenship between Plaintiffs and defendant Centerpulse because Plaintiffs and Centerpulse are citizens of different states and because Centerpulse is not a citizen of Massachusetts, the forum state.

9.      In this products liability action, Plaintiffs seek compensation for injuries that Mr. Hartnett allegedly sustained as a result of a defective hip implant manufactured by Sulzer Orthopedics, which was surgically implanted into his body. Complaint ¶¶ 5-9. The Complaint contains three counts: (1) negligence; (2) breach of the express or implied warranty of merchantability; and (3) loss of consortium.

10.     In their Civil Action Cover Sheet, a true copy of which is attached hereto as Exhibit 3, Plaintiffs allege that they suffered damages in excess of $80,000.00. Thus, without admitting, and expressly denying the validity of Plaintiffs' claims, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

11.     Removal of this action is, therefore, proper pursuant to 28 U.S.C. § 1441.

12.    By this Notice of Removal, the Centerpulse does not waive, and expressly reserves, its right to contest service of process, personal jurisdiction, and the sufficiency of the Complaint.

13.    In accordance with Local Rule 81.1, the Centerpulse will file with this Court attested copies of all records, proceedings and docket entries in the state court within thirty (30) days.

WHEREFORE, this action should be removed to the United States District Court for the District of Massachusetts.

> **CENTPULSE ORTHOPEDICS INC., a successor in interest to, SULZER ORTHOPEDICS INC.,**
> By their attorneys,
>
> _J. Christopher Allen_
> Joseph J. Leghorn, BBO No. 292440
> A. Damien Puller, BBO No. 633746
> J. Christopher Allen, Jr. BBO No. 648381
> **NIXON PEABODY LLP**
> 101 Federal Street
> Boston, MA 02110
> (617) 345-1000

Dated: November 18, 2003

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr., do hereby certify that a true copy of the above document was served by first class mail upon Charlotte Glinka, Esq., 122 Dean Street, Tauton, MA, 02780, on this 18th day of November 2003.

_J. Christopher Allen_
J. Christopher Allen, Jr.

**EXHIBIT 1**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                           CIVIL ACTION NO.

TIMOTHY HARTNETT and                )
PATRICIA HARTNETT,                  )
          Plaintiffs                )
                                    )
vs.                                 )
                                    )
CENTERPULSE ORTHOPEDICS, INC.       )
f/k/a SULZER ORTHOPEDICS, INC.      )
          Defendant                 )

## COMPLAINT AND JURY CLAIM

### PARTIES

1.    The plaintiff Timothy Hartnett is a resident of 26 St. Margaret Street, East Weymouth, Norfolk County, Commonwealth of Massachusetts.

2.    The plaintiff Patricia Hartnett is the wife of the plaintiff, Timothy Hartnett, and is a resident of 26 St. Margaret Street, East Weymouth, Norfolk County, Commonwealth of Massachusetts.

3.    The defendant, Centerpulse Orthopedics, Inc., formerly known as Sulzer Orthopedics, Inc., is a corporation duly organized and incorporated under the laws of the State of Delaware with a principal place of business at 9900 Spectrum Drive, Austin, Texas.

4.    The registered agent for Centerpulse Orthopedics, Inc. is CT Corporation, 101 Federal Street, Boston, Massachusetts.

### FACTS

5.    At all material times, the defendant designed, manufactured, distributed and/or sold prosthetic hip implant devices for purposes of their use in consumers, including consumers in the Commonwealth of Massachusetts.

6.    On or about August 31, 2000, the plaintiff, Timothy Hartnett, underwent surgery for the implant of a hip prosthesis manufactured and/or sold by the defendant.

7.    Following the placement of the hip implant device, the plaintiff experienced severe pain, limitation of motion, loss of function, difficulty with ambulation, and other symptoms associated with the hip implant device.

8.    On or about December 8, 2000, the defendant announced the recall of certain of its hip implant devices, including the hip implant device which had been implanted in the plaintiff. The defendant discovered that an error in the manufacturing process caused certain of the devices to be defective, thereby producing symptoms such as severe pain and loss of function in the affected extremity.

9.    On March 22, 2001, the plaintiff was required to undergo a second surgical procedure whereby the hip implant device was removed and another hip prosthesis was implanted.

10. At all material times, the plaintiff was in the exercise of due care and free from all comparative negligence.

11. The plaintiff provided notification to the defendant of the potential claims herein by way of a letter dated May 14, 2001.

### PLAINTIFF TIMOTHY HARTNETT'S CLAIMS
### AGAINST THE DEFENDANT CENTERPULSE ORTHOPEDICS, INC.

### COUNT I - NEGLIGENCE

12. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

14. The defendant was negligent in the design, manufacture, distribution and/or sale of the hip implant prosthesis device ("the device").

13. The defendant was negligent in placing the device into the stream of commerce when it knew or reasonably should have known that the device was dangerous and defective.

14. The defendant was negligent in failing to adequately warn and/or instruct consumers of the device, including the plaintiff, of the dangerous and defective design of the device.

15. As a direct and proximate result of the defendant's negligence, the plaintiff Timothy Hartnett suffered severe personal injuries.

WHEREFORE, the plaintiff demands judgment against the defendant for his damages, including but not limited to physical and mental pain and suffering, hospital and medical expenses, lost earnings and lost earning capacity, as well as other damages, plus interest, costs and attorneys' fees.

### COUNT II - BREACH OF THE EXPRESS OR IMPLIED WARRANTY
### OF MERCHANTABILITY

16. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

17. The defendant expressly and/or impliedly warranted to its customers and foreseeable users of the device, including the plaintiff, that the device was safe, merchantable, and fit for its intended use and purpose. The plaintiff relied upon such warranties.

18. The defendant breached its warranties because the device was unsafe, not of merchantable quality and unfit for its intended use and purpose.

19. As a direct and proximate result of the defendant's breach of warranty, the plaintiff suffered severe personal injuries.

20. The plaintiff's notice letter, attached hereto, identifies the claimant, reasonably describes the claim, and was sent within a reasonable time after discovery of the defect.

- 2 -

WHEREFORE, the plaintiff demands judgment against the defendant for his damages, including but not limited to physical and mental pain and suffering, hospital and medical expenses, lost earnings and lost earning capacity, as well as other damages, plus interest, costs and attorneys' fees.

## PLAINTIFF PATRICIA HARTNETT'S CLAIMS
## AGAINST THE DEFENDANT CENTERPULSE ORTHOPEDICS, INC.

### COUNT III - LOSS OF CONSORTIUM

21. The plaintiff repeats and incorporates herein the aforementioned paragraphs as if each were set forth here in its entirety.

22. As a direct and proximate result of the defendant's negligence and breach of warranties the plaintiff has suffered the loss of the society, companionship and consortium of her husband

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

### JURY CLAIM

The plaintiffs request a jury trial on all claims as set forth herein.

Respectfully Submitted,
By their Attorneys,

KECHES & MALLEN, P.C.

CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Complaint

- 3 -

**EXHIBIT 2**

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**SUPERIOR COURT**
**CIVIL ACTION**

**NO.**   03-01617B

Timothy Hartnett and Patricia Hartnett

........................................................, *Plaintiff(s)*

**v.**

Centerpulse Orthopedics, Inc. f/k/a
Sulzer Orthopedics, Inc.

........................................................, *Defendant(s)*

## SUMMONS

To the above-named Defendant:   Centerpulse Orthpedics, Inc. f/k/a Sulzer Orthopedics, Inc

You are hereby summoned and required to serve upon .....Charlotte E. Glinka........,
Keches & Mallen, P.C.
plaintiff's attorney, whose address is .122 Dean Street, Taunton, MA  02780......., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .......Dedham............the .......6th.............

day of ........November..........., in the year of our Lord two thousand and .......three.................

11/12/05                                                                                    *Clerk.*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33


CT System

Service of Process Transmittal Form
**Boston, Massachusetts**

11/12/2003

Via Federal Express (2nd Day)

**RECEIVED**
**NOV 1 3 2003**
*CLAIMS MANAGEMENT*

**RECEIVED**
NOV 1 3 2003
LEGAL DEPARTMENT

TO:   GENERAL COUNSEL
      Centerpulse USA Inc.
      12 Greenway Plaza, Suite 1000
      Houston, TX 77046-1203

      Phone: (713) 561-6373 ex:
      FAX: (713) 561-6380

RE:   **PROCESS SERVED IN MASSACHUSETTS**

FOR      Centerpulse Orthopedics Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:          Timothy Hartnett, et al, Pltf. vs Centerpulse Orthopedics, Inc., etc., Deft.

2. DOCUMENT(S) SERVED:       Summons, Complaint

3. COURT:                    Commonwealth of Massachusetts, Norfolk Superior Court
                             Case Number 03-01617B

4. NATURE OF ACTION:         Breach of Warranty and/or Negligence

5. ON WHOM PROCESS WAS SERVED:   CT Corporation System, Boston, Massachusetts

6. DATE AND HOUR OF SERVICE:     By Process server on 11/12/2003 at 14:40

7. APPEARANCE OR ANSWER DUE:     Within 20 Days

8. ATTORNEY(S):          Charlotte E. Glinka 508-822-2000
                         Keches & Mallen PC
                         122 Dean St.
                         Taunton, MA  02780

8. REMARKS:

SIGNED      CT Corporation System

PER         Christina Bonney
ADDRESS     101 Federal Street
            Boston, MA  02110
            SOP WS 0005847583

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

| CIVIL ACTION COVER SHEET | DOCKET NO(S). | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Timothy Hartnett and Patricia Hartnett | Centerpulse Orthopedics, Inc. f/k/a Sulzer Orthopedics, Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Charlotte E. Glinka          BBO #   559117 Keches & Mallen, P.C. 122 Dean Street Taunton, MA  02780 Board of Overseers number:          508-822-2000 | |

## Origin code and track designation

Place an x in one box only:

[ ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | ( A ) | ( X ) Yes    (  ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ....................................... approximately .... $ 20,000.00
2. Total Doctor expenses .......................................... approximately .... $ 10,000.00
3. Total chiropractic expenses ................................................. $
4. Total physical therapy expenses ............................................. $
5. Total other expenses (describe) ............................................. $

Subtotal $ 30,000.00
Documented lost wages and compensation to date ............... approximately .. $ 50,000.00
Documented property damages to date ......................................... $
Reasonably anticipated future medical and hospital expenses ................... $
Reasonably anticipated lost wages ............................................ $
Other documented items of damages (describe)

$

Brief description of plaintiff's injury, including nature and extent of injury (describe)
Due to the defendant's negligence and/or breach of warranty, the plaintiff, Timothy Hartnett, was implanted with a defective hip prosthesis, endured substantial pain and suffering, was required to undergo a second surgical procedure less than one year later, and lost time and income from his employment as well as his other usual activities. The plaintiff's wife, Patricia Hartnett, has suffered a loss of her husband's consortium. THEREFORE, the plaintiffs believe that their damages in this matter are in excess of $25,000.00.

$
TOTAL $. 80,000.00 +

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Please a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 8/28/03

A.O.S.C. 3-2005-11/99
A.T.    000

**EXHIBIT 3**

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

In re

SULZER ORTHOPEDICS INC. HIP
PROSTHESIS AND KNEE PROSTHESIS
PRODUCTS LIABILITY LITIGATION,

MDL Docket No. 1401

## CENTERPULSE ORTHOPEDICS INC.'S

## FORTY-FOURTH NOTICE OF POTENTIAL "TAG-ALONG ACTIONS"



RECEIVED
CLERK'S OFFICE

2003 NOV 21  A 11: 12

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Defendant Centerpulse Orthopedics Inc. (formerly known as Sulzer Orthopedics Inc.) submits this Notice of Potential "Tag-Along Actions," pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The action listed below is a potential "tag-along action" in which Centerpulse Orthopedics Inc. is named as a defendant. Defendant Centerpulse Orthopedics Inc. will duplicate and forward a copy of the complaint in this action shortly.

### DISTRICT OF MASSACHUSETTS

Hartnett, Timothy and Patricia Hartnett v. Centerpulse Orthopedics, Inc. f/k/a Sulzer Orthopedics, Inc., Case No. 03-CV-12303, Honorable William G. Young

SHOOK, HARDY & BACON L.L.P.


By: _____
    Thomas A. Sheehan, #36462
    Jeffery W. Fields, #47772

One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547

ATTORNEYS FOR DEFENDANT
CENTERPULSE ORTHOPEDICS INC.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this _20_ day of _November_, 2003, a true and correct copy of the foregoing was served upon the following by postage prepaid, U.S. Mail:

Charlotte E. Glinka, Esq.
Keches & Mallen, P.C.
BBO # 559117
122 Dean Street
Taunton, MA 02780

ATTORNEY FOR PLAINTIFFS
TIMOTHY AND PATRICIA HARTNETT

R. Eric Kennedy, Esq.
Weisman, Goldberg & Weisman Co.
1600 Midland Building
101 Prospect Ave., West
Cleveland, OH 44115

LIAISON COUNSEL FOR PLAINTIFFS

_____
ATTORNEY FOR DEFENDANT
CENTERPULSE ORTHOPEDICS INC.

RECEIVED CLERK'S OFFICE
2003 NOV 21 A 11: 13
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION